YARRUT, Judge.
This appeal is by Plaintiff from a judgment in favor of Defendant, dismissing Plaintiff’s suit, with costs.
Plaintiff and Defendant entered into a written contract, in which Defendant agreed to install in Plaintiff’s home a central air conditioning unit, which specifically provided the number of outlets, the duct, insulation, and the thermostat, for the price of $1587.00. The contract contained a provision that, “Unit will be placed on a 4-inch concrete slab to left of home by bath; refrigeration lines, condensate drains, and all work relative to proper operation of equipment by Berner’s. Return air grille in hall ceiling.”
After installation, Plaintiff’s wife bega^ to complain about the noise from the system, which Defendant claimed was normal; denied any responsibility therefor; but nevertheless attempted to satisfy Plaintiff’s wife, without success.
Plaintiff then undertook to satisfy his wife’s complaints. After prior notice to Defendant’s counsel, Plaintiff obtained estimates from various contractors, and employed H. P. Mollere’s Sons, Inc. to make the changes, for $575.00. Moliere was paid and this suit filed against Defendant for reimbursement.
The Trial Court found Defendant’s installation was made in accordance with the *140 contract and the recognized practices of the trade, with the possible exception of the overflow drain, which Defendant later corrected. i i ;
The work done by Moliere to correct the noisy condition was, in the lower Court’s opinion, the basis of Plaintiff’s complaint, which required a different installation than that contracted for, solely due to the wife’s sensitivity to noise, and not to faulty installation. The record does reveal that railroad trains pass within 400 feet of her home, that the heavily travelled Airline Highway is nearby, and that Plaintiff’s wife raises parakeets, known to be noisy chatterers.
Moliere, when called as an expert by Plaintiff, on cross-examination testified he •re-located the unit on another side of the house, where it was cooler, because the unit was placed under a tree, and he feared the leaves might fall into the condenser and restrict the flow of air over the coils. Defendant located the unit no closer than three feet from the adjacent property line, as required by the Parish Ordinance. Installation, where Plaintiff’s wife desired it would have violated such Ordinance.
Mr. Moliere visited Plaintiff’s home during the daytime and observed the unit in operation, and admitted the house was cool. On cross-examination he testified:
“Q. Mr. Moliere, as an expert, would you state whether or not the work of installation done by Berner’s, was performed in the normal, usual, customary and approved manner for the type of installation that was made ?
“A. I’d like to elaborate on that.
"Q. Would you answer the question, then you can explain all you want.
“A. Completely,' I mean, there wasn’t anything wrong with it. I would say no.”
And later, that the only changes he made were in accordance with “our own standards of installations.”
Any changes made by Moliere in Defendant’s installation was due therefore to the personal desires of Plaintiff’s wife, and not to any defective work or material, or contractual deviation by Defendant.
For the reasons assigned, the judgment of the lower Court is affirmed; Plaintiff-Appellant to pay costs in both courts.
Affirmed.